UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Quincy Hubbard

   v.     Civil No. 23-cv-6-SE

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Quincy Hubbard, a prisoner incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Mr. Hubbard challenges the Bureau of Prisons' ("BOP") determination that he is presently ineligible for the application of First Step Act ("FSA") time credits.[1] Before the court is the Respondent Warden's motion for summary judgment (Doc. No. 4). Mr. Hubbard objects (Doc. Nos. 6, 7, 8). Because no genuine dispute of material fact exists on the issue of Mr. Hubbard's ineligibility for the application of FSA time credits, the district judge should grant the Warden's motion.

## Summary Judgment Standard

"A district court ruling upon a petition for the writ of habeas corpus may hear motions for summary judgment, as in civil litigation." Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997).

---

[1] In his petition, Mr. Hubbard also challenged the BOP's calculation and allocation of FSA earned time credits, but in a recent status report (Doc. No. 9), he represented that the issue is moot.

Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that has the "potential to affect the outcome of the suit." Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (citation and internal quotation marks omitted). A "genuine dispute" exists if a jury could resolve the disputed fact in the nonmovant's favor. Ellis v. Fidelity Mgmt. Tr. Co., 883 F.3d 1, 7 (1st Cir. 2018).

## Background

In 2006, Mr. Hubbard, received a 294-month sentence for drug and gun crimes, which the court in his criminal case later reduced to a 262-month term of imprisonment. See Decl. of Maury Yeakel, Feb. 13, 2023, ("Yeakel Decl.") (Doc. No. 4-1, ¶ 5); see also Oct. 29, 2012 Order, United States v. Hubbard, No. 3:05-cr-50055-1 (N.D. Ill.) (ECF No. 65), aff'd, No. 12-3584 (7th Cir. Apr. 19, 2013) (ECF No. 78). At some point, the BOP transferred Mr. Hubbard to FCI Berlin to serve his federal sentence. Mr. Hubbard's projected release date via good conduct time is July 4, 2024. Yeakel Decl. (Doc. No. 4-1, ¶ 5).

I. FSA Time Credits

Mr. Hubbard has earned more than a year of FSA time credits, which have not been applied to affect his date of release or placement in prerelease custody (a halfway house or home

confinement). Id. ¶ 9. When time credits earned for certain risk-reducing activities or programs are applied to an eligible prisoner's sentence under the FSA, the credits may advance the date when the prisoner is released to begin his or her term of supervised release, or those credits may effectively reduce the prisoner's time of incarceration by allowing the prisoner to be placed in a halfway house or home confinement earlier.

II. Risk of Recidivism

Under the FSA, the BOP assesses each prisoner's risk of re-offending upon release, by applying an algorithm that generates a "PATTERN" score. Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 U.S. Dist. LEXIS 10812, at *2 n.1, 2023 WL 363591, at *1 n.1 (D. Mass. Jan. 23, 2023). PATTERN is an acronym for "Prisoner Assessment Tool Targeting Estimated Risk and Needs." A PATTERN score measures the prisoner's "'criminal risk factors . . . to predict the likelihood that a person in federal prison will re-offend upon release.'" Id., 2023 U.S. Dist. LEXIS 10812, at *2, 2023 WL 363591, at *1 (citation omitted). "The four PATTERN risk scores are minimum, low, medium, and high-risk." Id.

From November 19, 2019 through April 2021, Mr. Hubbard's PATTERN risk score, or risk of recidivism, was assessed as high. See Yeakel Decl. (Doc. No. 4-1, ¶ 7). Currently, Mr. Hubbard's

PATTERN risk score is medium[2] and has been medium in his last two risk assessments. Id. ¶ 8. According to the Warden, Mr. Hubbard has never received a minimum or low PATTERN risk score, Yeakel Decl. (Doc. No. 4-1, ¶ 11), and Mr. Hubbard provides no evidence to the contrary. Further, it is undisputed that Mr. Hubbard has a prison disciplinary record that includes a finding of guilty as to four high-severity disciplinary offenses within the last three years. Id.; see also BOP Inmate Disciplinary Record (Doc. No. 4-1, at 15-17).

In his § 2241 petition, Mr. Hubbard claims that the BOP should have applied his FSA earned time credits to his sentence on or before January 2022, when he asserts his recidivism risk level was low or minimum.[3]

---

[2] Pursuant to this court's June 12, 2023 order, which directed the parties to file updated information regarding the BOP's assessment of Mr. Hubbard's FSA recidivism risk level, the parties filed status reports (Doc. Nos. 9, 10), which indicate that Mr. Hubbard's risk assessment score remains medium.

[3] Mr. Hubbard does not offer any sworn statement or other evidence to support his assertion that his recidivism risk registered within the minimum or low range, from December 21, 2018 until February 15, 2022. (Doc. No. 1, at 1). Exhibits filed by the Warden show that the BOP considered his recidivism risk to be high in November 2019 in its initial assessment of that risk, and that Mr. Hubbard's PATTERN score improved to medium in November 2021, where it has remained ever since. This court need not resolve that dispute as its resolution will not affect the outcome of the motion for summary judgment.

**Discussion**

The Warden moves for summary judgment on all of Mr. Hubbard's claims and asserts that the BOP's pertinent actions and sentence calculations are consistent with the FSA's requirements. Specifically, given the results of Mr. Hubbard's recent recidivism risk assessments and his disciplinary history, he is ineligible for the application of FSA time credits. In response, Mr. Hubbard contends that his earned time credits should have been applied to his sentence no later than January 2022.

The FSA generally renders a person ineligible for early transfer to supervised release if his or her risk of recidivism, as reflected in his or her most recent PATTERN score, is medium or high, and similarly precludes early placement in prerelease custody if his or her two most recent PATTERN scores are medium or high, unless the Warden has approved the person's petition for transfer to prerelease custody or supervised release. See 18 U.S.C. § 3624(g)(1)(D)(i)-(ii); see also Goodman v. Sage, No. 4:22-CV-00981, 2022 U.S. Dist. LEXIS 233946, at *4, 2022 WL 18028148, at *2 (M.D. Pa. Dec. 30, 2022).

There is no suggestion here that the petitioner has obtained the Warden's approval of a transfer petition, or that his most recent PATTERN score is minimum or low. Rather, the undisputed facts demonstrate that Mr. Hubbard's current PATTERN score and two most recent PATTERN scores have been medium. Further, the Warden has not exercised his discretion to allow Mr. Hubbard to be

5

transferred to prerelease custody given Mr. Hubbard's disciplinary record that includes a finding of guilty as to four high-severity disciplinary offenses within the last three years. See BOP Inmate Disciplinary Record (Doc. No. 4-1, at 15-17). Accordingly, the undisputed facts demonstrate that Mr. Hubbard is ineligible for the application of FSA time credits to his sentence, and therefore, the Warden is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 4), and direct the clerk to enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 31, 2023

cc:  Quincy Hubbard, pro se
     Seth R. Aframe, Esq.